# Appendix 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **COREY JOHNSON,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | **Case No. 3:92CR68** |
| | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |

**MOTION TO VACATE CONVICTION UNDER 28 U.S.C. §2255
PURSUANT TO *SESSIONS V. DIMAYA*, __U.S.__, 138 S. Ct. 1204 (2018)**

**INTRODUCTION**

Movant, Corey Johnson,[1] through his undersigned counsel, hereby files a motion to set aside the judgment against him on Counts 9, 12, 15, 20, and 26, in the above captioned case, pursuant to 28 U.S.C. §2255. For the reasons set forth below, Mr. Johnson's convictions under 18 U.S.C. §924(c) must be vacated in light of the Supreme Court's recent decision in *Sessions* v. *Dimaya*, __U.S.__, 138 S. Ct. 1204 (2018), which held that the residual clause defining a "crime of violence" under 18 U.S.C. §16(b) is void for vagueness in violation of the Due Process Clause. *Dimaya*, 138 S. Ct. at 1216. In *Dimaya*, the government agreed that the residual clauses of 18 U.S.C. §§16(b) and 924(c)(3)(B) use "the same statutory language" and predicted that the two provisions would rise or fall together. *See* Brief for the Petitioner at 52-53, *Dimaya*, 138 S. Ct. 1204 (2018) (No. 15-1498). The government was correct. As the Fourth Circuit recently

---

[1] Mr. Johnson's first name is "Corey" but it was misspelled as "Cory" in the indictments and in prior pleadings before this Court.

held, *Dimaya* dictates that the "materially identical" language of §923(c)(B)(3) is also unconstitutionally void under the Due Process Clause. *United States v. Simms*, 914 F.3d 229, 237, 241 (4th Cir. 2019) (en banc).

In light of *Dimaya*, Corey Johnson's §924(c) convictions cannot be constitutionally sustained. And because those convictions unduly influenced the jury's imposition of the death penalty in this case, he is entitled to resentencing. For the reasons explained below, Mr. Johnson respectfully requests that the Court vacate his five convictions for using a firearm during and in relation to a crime of violence under §924(c) (Counts 9, 12, 15, 20, and 26) and that he be resentenced on the remaining counts.

**STATEMENT OF RELEVANT FACTS**

**A.     Convictions and Sentencing.**

In April 1992, Mr. Johnson and six co-defendants were charged in a 33-count indictment, including five counts under 18 U.S.C. §924(c), which prohibits "us[ing]" a firearm "during and in relation to a crime of violence." (Counts 9, 12, 15, 20, and 26). The indictment also charged conspiracy to possess with intent to distribute more than 50 grams of cocaine base under 21 U.S.C. §846 (Count 1), capital murder under 21 U.S.C. §848(e)(1)(A), and killing and maiming in aid of racketeering under 18 U.S.C. §1959(a).

On February 3, 1993, the jury convicted Mr. Johnson of "Use of a Firearm in Relation to Killing" and "Maiming" in violation of §924(c), as well as all other counts. *See* Verdict, 25, Feb. 3, 1993. The same jury then considered whether to impose the death penalty on Mr. Johnson and two others in this case, and following a penalty hearing in which the government relied largely on the same evidence presented at trial, the jury sentenced Mr. Johnson to death.

2

**B.    Direct Appeal.**

Mr. Johnson timely appealed to the Fourth Circuit, raising issues relating to the guilt and penalty phases of his trial.  The Fourth Circuit held that Mr. Johnson's conviction under 21 U.S.C. §846 violated the Constitution's double jeopardy clause and therefore vacated Mr. Johnson's conviction under Count 1, but otherwise affirmed his convictions and death sentences. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996).  The Supreme Court denied certiorari. *Roane v. United States*, 520 U.S. 1253 (1997).

**C.    Initial §2255 Motion.**

In 1998, Mr. Johnson filed a timely motion for collateral relief under §2255, raising in the motion (and amendments to it) claims of error in both the guilt and penalty phases of his trial. This Court denied relief.  *United States v. Roane*, No. 3:92CR68 (E.D. Va. May 1, 2003).  The Fourth Circuit affirmed the denial of relief.  *Roane v. United States*, 378 F.3d 382 (4th Cir. 2004).  The Supreme Court denied certiorari.  *Johnson v. United States*, 546 U.S. 810 (2005).

**D.    Prior Applications for Authorization.**

*Johnson v. United States*, 135 S. Ct. 2551 (2015) held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.  Later, the Court held *Johnson*'s rule was retroactively applicable to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).  Relying upon *Johnson* and *Welch*, Mr. Johnson filed a motion seeking the Fourth Circuit's authorization to pursue a successive §2255 motion challenging his §924(c) convictions on the ground that §924(c)(3)(B) is unconstitutionally vague in light of *Johnson*.  The Fourth Circuit summarily denied authorization.

3

**3a**

Shortly thereafter, following the Fourth Circuit's approval of several successive §2255 motions raising similar constitutional challenges to §924(c), Mr. Johnson again moved for authorization to file a successive §2255 motion so that he, too, could receive due consideration of his constitutional claim. The panel again denied the motion.

## ARGUMENT

On April 17, 2018, the Supreme Court issued its decision in *Dimaya* holding that the definition of a "crime of violence" under 18 U.S.C. § 16(b) is void for vagueness in violation of the Due Process Clause. 138 S. Ct. at 1216. In light of *Dimaya*, the Fourth Circuit recently held that the "materially identical" language of §924(c)(3)(B) is unconstitutionally void for vagueness. *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc). Four other federal circuit courts have held the same, and the Supreme Court has granted certiorari to address the question. *See United States v. Davis*, 903 F.3d 483, 485–86 (5th Cir. 2018) (per curiam), *cert. granted*, 139 S. Ct. 782 (Jan. 4, 2019); *United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam); *United States v. Salas*, 889 F.3d 681, 684–86 (10th Cir. 2018), *petition for cert. filed*, No. 18-428 (U.S. Oct. 3, 2018); *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

As shown below, this Motion meets the requirements of 28 U.S.C. §2255. And, on the merits, Mr. Johnson is entitled to relief under *Dimaya*'s rule on two grounds: (1) Mr. Johnson's §924(c) convictions cannot be sustained because the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutional in light of *Dimaya*; and (2) because the §924(c) convictions improperly influenced the imposition of the death penalty in his case, Mr. Johnson is entitled to be resentenced.

4

**4a**

### I.    MR. JOHNSON'S MOTION MEETS THE REQUIREMENTS OF §2255.

This Motion satisfies the requirements of 28 U.S.C. §2255 because it is (A) timely, and raises cognizable claims relying upon the rule *Dimaya* announced, which is (B) a new rule, (C) that is constitutional in nature, (D) that the Supreme Court has made retroactive on collateral review, and (E) that was previously unavailable.

### A.    Mr. Johnson's Motion is Timely.

Under 28 U.S.C. §2255(f), a §2255 motion must be filed within a one-year limitations period. Where, as here, the motion is pursuant to a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* §2255(f)(3). The Supreme Court decided *Dimaya* on April 17, 2018. Because Mr. Johnson appended this Motion for Authorization Pursuant to 28 U.S.C. §§2255(h)(2) and 2244(b)(3)(A), which he filed with the Fourth Circuit within one year of that date, his §2255 Motion is timely.

### B.    This Successive Motion Satisfies the Requirements of §2255(h).

This Motion also meets the requirements of §2255(h). *See United States v. MacDonald*, 641 F.3d 596, 609–10 (4th Cir. 2011) ("§ 2255(h) spells out the standard applicable to those in federal custody"). Consistent with those requirements, the Motion relies upon the rule *Dimaya* announced, which is (1) a new rule, (2) that is constitutional in nature, (3) that the Supreme Court has made retroactive on collateral review, and (4) that was previously unavailable.

#### 1.    *Dimaya* Announced a New Rule.

"'[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Chaidez v. United States*, 568 U.S. 342, 347

5

(2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).  "'And a holding is not so dictated,'" the Court has made clear, "'unless it would have been apparent to all reasonable jurists.'" *Chaidez*, 568 U.S. at 347 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527–28 (1997)).

The rule set forth in *Dimaya* is plainly new.  Mr. Johnson's conviction became final in July 1996, when no precedent suggested—much less "*dictated*"—that §924(c) might be unconstitutional.  Prior to *Dimaya,* the Supreme Court had repeatedly construed the language of the residual clause of §924(c)(3)(B), but never held it was constitutionally problematic.  *See, e.g.*, *Smith v. United States*, 508 U.S. 223, 227–28 (1993).  Accordingly, *Dimaya*'s rule is new because it was not "*dictated* by existing precedent" when Mr. Johnson's conviction became final in 1996.

### 2.     *Dimaya*'s Rule is Constitutional In Nature.

*Dimaya* announced a *constitutional* rule in holding the language of the residual clause unconstitutional under the Due Process Clause.  138 S. Ct. at 1216, 1223–24 (Gorsuch, J., concurring in part and concurring in the judgment).  Because the Supreme Court held that *the statute itself* is unconstitutional, the rule in *Dimaya* is constitutional in nature.  *See also Welch*, 136 S. Ct. at 1261–62 (reaffirming that "the void-for-vagueness doctrine" is "mandated by the Due Process Claus[e] of the Fifth Amendment"); *Simms*, 914 F.3d, 236 (holding under *Dimaya*, "Section 924(c)(3)(B) is therefore unconstitutional").

### 3.     The Supreme Court Made *Dimaya* Retroactive To Cases on Collateral Review.

*Dimaya*'s new rule was "made retroactive to cases on collateral review by the Supreme Court."  §2255(h)(2).  The Court makes a new rule of constitutional law retroactive to cases on collateral review by explicitly declaring it retroactive, or through a combination of holdings that "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see*

6

*also San-Miguel v. Dove*, 291 F.3d 257, 260 (4th Cir. 2002) ("[N]ew rules of constitutional criminal procedure" apply retroactively where "'the Court's holdings logically permit no other conclusion than that the rule is retroactive'" (quoting *Tyler*, 533 U.S. at 669 (O'Connor, J., concurring)).

Here, the retroactive application of *Dimaya* is "necessarily dictate[d]" by a long line of Supreme Court cases holding that "[n]ew *substantive* rules generally apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *see also Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Dimaya*'s new rule is "substantive" because it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351–52. *Dimaya* announced precisely such a rule. It is substantive because it narrows the scope of the statutory "crime of violence" definition by excising the residual clause (§924(c)(3)(B)) from the statute. This narrowing means that §924(c) now criminalizes less conduct after *Dimaya*. In particular, *Dimaya* establishes that some convictions pursuant to §924(c) cannot be considered crimes of violence consistent with the Due Process Clause, altering what conduct §924(c) makes criminal. The upshot is that *Dimaya*'s application to §924(c)(3)(B) also renders some conduct which was formerly criminal no longer criminal under the §924(c) statute. *See, e.g.*, *Simms*, 914 F.3d 229, 233–34 (holding that after *Dimaya*, conspiracy is no longer a §924(c) "crime of violence").

A decision is also "substantive" if it "alters … the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264–65. *Welch*'s reasoning applies with even more force here because *Dimaya* not only alters sentences, but renders a class of people once subject to §924(c) liability entirely innocent.

7

**7a**

4.      *Dimaya*'s New Rule Was Previously Unavailable To Mr. Johnson.

The constitutional rule announced in *Dimaya* was not previously available to Mr. Johnson during direct review or during his prior §2255 filings.  He unsuccessfully attempted to raise constitutional vagueness challenges to his §924(c) convictions pre-*Dimaya* in his prior motions for authorization.  Given the Fourth Circuit's decisions declining authorization, until *Dimaya* was decided, any successive collateral attack on Mr. Johnson's §924(c) conviction was premature and thus foreclosed.

**C.      Mr. Johnson's Claims under *Dimaya* Are Cognizable under §2255(a).**

A federal prisoner may obtain relief under 28 U.S.C. §2255(a) "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence."  Mr. Johnson's convictions under 18 U.S.C. §924(c) violate the Due Process Clause of the Fifth Amendment and were imposed in excess of this Court's jurisdiction.  As shown below, Mr. Johnson's convictions on the §924(c) charges violate Due Process because they rest on the unconstitutionally vague residual clause. Moreover, as also explained in more detail below, Mr. Johnson now stands convicted of offenses that are not criminal, since all of his convictions under §924(c) fail to satisfy the essential predicate "crime of violence" element of the statute.  Because the crimes of violence the jury relied upon as the essential predicate offenses underlying the §924(c) convictions—murder and maiming under §1959—categorically cannot qualify as "crime[s] of violence" for purposes of §924(c)(3)(A)'s elements clause, this Court had no jurisdiction to try Mr. Johnson on those offenses.  Mr. Johnson's convictions, therefore, violate the laws of the United States and result in a fundamental miscarriage of justice.  This is precisely the type of error that is cognizable under §2255(a). *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an

8

**8a**

intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under §2255").

## II.   IN LIGHT OF *DIMAYA*, MR. JOHNSON'S §924(C) CONVICTIONS AND DEATH SENTENCE ARE INVALID.

Mr. Johnson is entitled to relief under §2255 on two *Dimaya*-based grounds.  *First*, in light of *Dimaya*, Mr. Johnson's §924(c) convictions cannot be sustained because they were predicated upon the unconstitutional residual clause.  And *second*, because the unconstitutional §924(c) convictions improperly influenced the imposition of the death penalty in his case, Mr. Johnson is entitled to be resentenced.

### A.   Under *Dimaya*, Mr. Johnson's §924(c) Convictions Cannot Be Sustained.

Section 924(c) prohibits "us[ing]" a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. §924(c)(1)(A).  It is "a combination crime," meaning it "punishes the temporal and relational conjunction of two separate acts."  *Rosemond v. United States*, 572 U.S. 65, 69 (2014).  And "[a]s the Supreme Court has explained, §924(c) 'requires the prosecution to make two showings': the commission of an underlying crime and the use of a firearm."  *Simms*, 914 F.3d at 237 (quoting *Smith v. United States*, 508 U.S. 223, 227–28 (1993)).  After *Dimaya*, Corey Johnson's convictions under §924(c) cannot be sustained because the essential underlying "crime of violence" element cannot be satisfied.  The *Dimaya* rule invalidates the residual clause of §924(c)(3)(B).  And because neither of the predicate offenses the jury relied on categorically qualifies as a "crime of violence" under the elements clause of §924(c)(3)(A), Mr. Johnson's convictions under §924(c) cannot be constitutionally sustained after *Dimaya*.

9

**9a**

1.      **As the Fourth Circuit held in *Simms*, under *Dimaya*, the residual clause, §924(c)(3)(B), is unconstitutionally vague.**

In *Dimaya*, the Supreme Court held that the language of the residual clause defining a "crime of violence" under §16(b) is unconstitutional because it requires an ordinary-case categorical approach with "the same two features" that "combin[e] in the same constitutionally problematic way" to violate the requirements of the Due Process Clause. *See Dimaya*, 138 S. Ct. at 1213. After *Dimaya*, the United States conceded that "if [this Court] adhere[s] to the ordinary-case categorical approach applied by the Supreme Court in *Leocal*, *Johnson*, and *Dimaya*, [this Court] must invalidate §924(c)(3)(B)." *Simms*, 914 F.3d at 237. And that is precisely what this Court did in *Simms*: it reaffirmed "adherence to the established ordinary-case categorical approach" and held that the "materially identical" definition of "crime of violence" under §924(c)(3)(B) "must be defined categorically" and is unconstitutional. *Id.* at 239, 242.

Because Mr. Johnson's convictions rely upon the same statutory language that *Dimaya* and *Simms* invalidated, and Mr. Johnson's §924(c) convictions are a legal nullity that were entered in excess of this Court's jurisdiction, relief under §2255 is warranted.

2.      **Mr. Johnson's §924(c) convictions cannot be sustained under the elements clause of §924(c)(3)(A).**

The record in this case clearly shows that each of Mr. Johnson's §924(c) convictions (Counts 9, 12, 15, 20, or 25) depends upon the validity of the *residual clause*, §924(c)(3)(B), which is unconstitutional under *Dimaya*. *See Simms*, 914 F.3d at 237.

a.      **The jury's verdict is based on predicate "crime[s] of violence" under §1959(a).**

"By its terms," §924(c) "requires the prosecution to make two showings": *first*, "that the defendant 'use[d] … a firearm'"; and *second*, "that the use … was 'during and in relation to' a qualifying predicate 'crime of violence or drug trafficking crime.'" *Smith*, 508 U.S. at 227–28

10

(quoting §924(c)). Although §924(c) prohibits using a firearm in relation to a crime of violence *or* a drug trafficking crime, the record here makes clear that the jury's verdict on each of the five §924(c) counts was predicated upon a *"crime of violence"* under 18 U.S.C. §1959(a).

In particular, the special verdict form—which this Court prepared for and presented to the jury without objection from the government and which the jury relied upon in reaching its verdicts—is clear and dispositive on this point. *See* Verdict 25, Feb. 3, 1993; *see also* Trial Tr. vol 15, 2939 ("The government has no problem whatsoever with the instructions"); *id.* at 2945:12–2951:17 (following review of verdict forms, no objections from the government). "Special verdicts" are an essential tool that "allo[w] a court to determine upon what factual and legal basis the jury decided a given question." *United States v. Najjar*, 300 F.3d 466, 480 & n.3 (4th Cir. 2002). Where, as here, a "special verdict form clearly shows that the jury found [a defendant] guilty" on the basis of a particular predicate crime, that crime controls for the purposes of assessing a §924(c) conviction. *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016).

Here, the jury's verdict form "clearly shows" that the jury did *not* find Mr. Johnson guilty of a using a firearm in furtherance a "drug trafficking crime." *See* 18 U.S.C. §924(c)(2) (defining "drug trafficking crime" to include 21 U.S.C. §§846 and 848(e)(1)(A)). Although the second superseding indictment pointed to four possible underlying offenses in support of four of the five §924(c) counts—two "crime[s] of violence" under 18 U.S.C. §1959(a) and two "drug trafficking crime[s]" under 21 U.S.C. §§846 and 848(e)(1)(A)—ultimately the jury considered and relied upon only two possible underlying predicate offenses for *each* §924(c) count— namely, "Use of a Firearm in Relation to *Killing*," and "Use of a Firearm in Relation to … *Maiming*." *See* Verdict Form (emphasis added). Those underlying predicate offenses

11

**11a**

correspond to only *one* statute charged in the indictment—killing and maiming in aid of racketeering under §1959(a) (Counts 10, 13, 14, 21, 22, 23, 25, and 27).

Nowhere in any of the five counts under §924(c) does the special verdict form reference or otherwise suggest that Count 1 of the indictment, conspiracy to possess with intent to distribute cocaine base under 21 U.S.C. §846, could have been the predicate crime on which the jury relied to reach its verdict of guilty. And, in any event, the Fourth Circuit held that conviction was unconstitutional under the Double Jeopardy Clause and vacated it. *United States v. Tipton*, 90 F.3d 861, 891 (4th Cir. 1996). Nor could the jury have rested its guilty verdicts for Mr. Johnson's §924(c) convictions under §848(e)(1)(A)—another "drug trafficking crime." The Government did not list §848(e) as a possible predicate under Count 15—nor could §848(e) be construed to cover many of the predicate offenses at issue here, including "maiming." *See* Second Superseding Indictment, Counts 15 and 26, July 20, 1992. Accordingly, the verdict form "clearly shows" that the jury convicted Mr. Johnson based upon the uniform language of the verdict form, that §1959(a) is the only statute that could have covered the predicate conduct at issue, and, under §924(c)(1), §1959(a) can only qualify as a predicate "crime of violence." *Hare*, 820 F.3d 105–106.

The fact that the jury's verdicts rest on predicate "crime[s] of violence" under §1959(a) is bolstered by additional record evidence. The government affirmed in the Presentence Investigation Report that Mr. Johnson was convicted under §924(c)(1)(B) *only* based on "Use of a Firearm in Relation to *a Crime of Violence.*" *See* Presentence Investigation Report, ¶¶ 72, 74, 76, 84, 89 (Counts 9, 12, 15, 20, 26), Apr. 22, 1993 (emphasis added); *see id*. at ¶ 50 (explaining that "Offense Conduct" descriptions are "based totally on the Government's set of facts" and interviews with Assistant United States Attorney Howard C. Vick Jr.).

**b.    The underlying §1959(a) predicates do not categorically qualify as "crime[s] of violence" under the elements clause of §924(c)(3)(A).**

Neither underlying §1959(a) predicate offense on which the jury relied categorically qualifies as a "crime of violence" under §924(c)(3)(A)'s elements clause, which defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(c)(3)(A). Under this clause, a predicate offense qualifies as a "crime of violence" only if it has, as an element, the use, attempted use, or threatened use of "physical force." *Id.* "Physical force," in turn, has two requirements. First, it must involve *violent* force—that is, "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Second, the use of such force must be *intentional*—not merely reckless or negligent. *See Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006).

The "elements-based categorical approach" controls the inquiry into whether an offense qualifies as a "crime of violence" under §924(c)(3)(A). *See United States v. Evans*, 848 F.3d 242, 245–46 (4th Cir. 2017). Under this approach, a court must "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]." *Simms*, 914 F.3d at 233. An offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute, including the least culpable conduct, matches (or is narrower than) the "crime of violence" definition. *See United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

In this case, neither of the relevant predicate offenses—killing and maiming in aid of racketeering under 18 U.S.C. §1959(a)—qualifies categorically as a "crime of violence" within the meaning of §924(c)(3)(A).

13

**13a**

*First*, the *actus rea* elements of both §§1959(a)(1) and 1959(a)(2) categorically fail to qualify as "crime[s] of violence" under §924(c)(1)(A) since they cover acts of omission that do not require *any* physical force—much less much less the "violent force" that is a prerequisite to the constitutional application of the elements clause. Homicide under §1959(a)(1)—like a wide range of other offenses under state and federal law—can be carried out by an act of omission. *See, e.g.*, *United States v. Gomez*, 690 F.3d 194, 201 (4th Cir. 2012) (holding that statute categorically fails to qualify as a crime of violence under element clause because "a defendant may be found guilty" under the statute "by committing an affirmative act or by neglecting to act, neither of which necessarily requires the use of physical force"). For example, a wide range of acts of omission that can be committed without any force at all that could lead to a homicide conviction under §1959(a)—from "the deliberate failure to provide food or medical care" to leaving someone locked in a dangerous place. *See, e.g.*, *United States v. Mayo*, 901 F.3d 218, 227 (3d Cir. 2018) (holding that offense did not category qualify as a "crime of violence" under elements clause because convictions under it "have been upheld not because a defendant used physical force against the victim, but because serious bodily injury occurred, as with the deliberate failure to provide food or medical care"); *Torres-Miguel*, 701 F.3d at 169–70 (citing examples). While there are many ways in which force could be used to violate §§1959(a)(1) or 1959(a)(2), the plain language of the statute is broad enough to cover myriad acts of omission that do not involve *any* force—much less the "violent force" that is a prerequisite to constitutional application of the force clause. And under the categorical approach, that fact is disqualifying.

Maiming under §1959(a)(2) suffers from the same defect: it can be committed by acts of omission that do not require any physical force whatsoever. Maiming is an assault, which itself

14

**14a**

does not require actual violent physical force. *See United States v. Royal*, 731 F.3d 333, 341 (4th Cir. 2013). Moreover, the intent to maim element does not convert assault into a "violent felony" because it can be accomplished merely by causing *injury* rather than the use of strong physical force. *See Torres-Miguel*, 701 F.3d at 168 (holding that the threat of *any physical injury,* even "serious bodily injury or *death*," does not necessarily require the use of physical force—let alone "violent force").

*Second*, the *mens rea* elements of §1959(a)(1) categorically fail to qualify as a "crime of violence" under §924(c)(1)(A). Under the categorical approach, it is not enough to qualify as a crime of violence under the elements clause where the statute includes some requirement of specific intent, such as the intent to cause injury; the statute must have as a *required* element the intent to use strong physical force. That is not the case here, since §1959(a)(1) encompasses murder "in violation of the laws of any State or the United States," which includes second-degree murders that do not require the government to prove that the killing was intentional. *See, e.g., Simpkins v. State*, 596 A.2d 655, 657 (Md. Ct. Spec. App. 1991) (holding second-degree murder requires only "the intent to do an act under circumstances manifesting extreme indifference to the value of human life (depraved heart)" or "the intent to commit a dangerous felony.").

The Fourth Circuit has long held that neither "recklessness" nor "negligence" is "enough to support a determination that a crime is a 'crime of violence.'" *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) (construing elements clause of §16(b)); *see also United States v. Townsend*, 886 F.3d 441, 444–45 (4th Cir. 2018) (" 'Use' of force means to act with a *mens rea* more culpable than negligence or recklessness").

*Third*, homicide under §1959(a)(1) encompasses felony murder—including felony murders in which the underlying homicide is committed by another person and felony murders

15

**15a**

based on an underlying felony that does not involve the use or threatened use of violent physical force.  For example, burglary clearly lacks an element requiring the intentional use of force but may serve as a predicate felony for a felony murder under both state and federal law.  *See, e.g.,* 18 U.S.C. §1111(a) (defining murder to include murder "comitted in the perpetration of, or attempt to perpetrate, any … burglary").

***

For these reasons, Corey Johnson's convictions for the §1959(a) offenses cannot qualify as a "crime[s] of violence" under the either the elements clause of §924(c)(3)(A) or the residual clause of §924(c)(3)(B) and thus cannot be sustained.

### B.     Mr. Johnson is Entitled to be Resentenced because the Unconstitutional §924(c) Convictions Improperly Influenced the Imposition of the Death Penalty.

Mr. Johnson's five §924(c) convictions never should have been before the jury in the first instance since, under *Dimaya*, those convictions are unconstitutional.  But where, as here, a defendant has been sentenced on multiple convictions, one of which subsequently is invalidated, "the real question," the Supreme Court has said, is "whether the sentence…might have been different if the [jury] had known that at least two of [Mr. Johnson's] previous convictions had been unconstitutionally obtained."  *United States v. Tucker*, 404 U.S. 443, 448 (1972).  Relying upon *Tucker*, courts have held that a defendant must be resentenced on any valid convictions "unless it can be ascertained from the record that a [jury's] sentence on a valid conviction was not affected" by invalid convictions.  *Bourgeois v. Whitley*, 784 F.2d 718, 721 (5th Cir. 1986); *see also Jerkins v. United States,* 530 F.2d 1203, 1204 (5th Cir.1976) (same); *James v. United States*, 476 F.2d 936 (8th Cir. 1973) (same).  That bar is heightened where, as here, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel

16

and unusual punishment gives rise to a special need for reliability in the determination that death is the appropriate punishment in any capital case." *Johnson v. Mississippi*, 486, 584 U.S. 576 (1988) (citation omitted). That is because "[t]he decision to exercise the power of the State to execute a defendant is unlike any other decision citizens and public officials are called upon to make." *Mills v. Maryland*, 486 U.S. 367, 383–84 (1988). And the Supreme Court has made clear that "[t]he *possibility* that [a defendant's] jury conducted its task improperly certainly is great enough to require resentencing." *Id.* at 384 (emphasis added).

Here, it cannot be ascertained from the record that the jury's death sentence "was not affected" by the unconstitutional §924(c) convictions. *Whitley*, 784 F.2d at 721. The record fails to eliminate, as it must, the "possibility" that the "jury conducted its task improperly." *Mills*, 486 U.S. at 383. Instead, the record shows that the government relied almost exclusively on evidence from the guilt phase of the trial and "did not put on a great deal of evidence" during the penalty phase. *See* Trial Tr. vol. 22, 3883–3884, 38913392–3893. In doing so, the government urged the jury to rely upon its findings "in your guilt phase verdict." *Id.* at 3893. Accordingly, the jury's decision to impose the death penalty was impacted by the invalid §924(c) convictions. Yet, those "crimes of violence" were not crimes at all, and should never have been presented to the jury. It is inconceivable that the cumulative weight of the five §924(c) counts upon which the jury was instructed to reach a verdict—but none of which actually constituted a crime—did not impact the jury's decision to impose a sentence of death.

In light of the Eighth Amendment's requirement of reliability in capital sentencing, the "possibility" that the jury improperly relied upon the unconstitutional §924(c) convictions in sentencing him to death requires that Mr. Johnson be resentenced on the remaining counts.

17

## CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Johnson respectfully asks this Court to vacate his convictions and sentences on Counts 9, 12, 15, 20, and 26, the invalid charges under 18 U.S.C. §924(c). Mr. Johnson further requests the following relief:

a) That this Court vacate his death sentences on Counts 8, 11, 17, 18, 19, 24, and 25 and remand this case for a new penalty phase trial on those counts.

b) That this Court grant him leave to amend this motion, including by submitting a supplemental memorandum of law to support it.

c) That this Court schedule a status conference on this motion at the Court's earliest convenience, and order that he be personally present at such conference.

d) Any other relief that may be necessary to correct Mr. Johnson's invalid conviction and sentence.

Dated: April 16, 2019

Respectfully submitted,

/s/ Darren M. Welch
Darren M. Welch, VA Bar #: 45985
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7804
Fax: (202) 661-8267
Email: darren.welch@skadden.com

Donald P. Salzman*
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Ph: (202) 371-7983
Fax: (202) 661-9063

18

**18a**

Email: donald.salzman@skadden.com
* pro hac vice to be filed

*Counsel for Corey Johnson*