# Appendix A

No. 19-1

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**IN RE COREY JOHNSON,**

**Movant.**

---

### CAPITAL CASE

### REPLY TO UNITED STATES' RESPONSE TO
### MOTION FOR AUTHORIZATION
### PURSUANT TO 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A)

---

Donald P. Salzman
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1140 New York Avenue NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Movant*

The United States' Response to Mr. Johnson's Application to File

Successive § 2255 (hereafter "Response") is a study in misdirection.  Unable to

answer Mr. Johnson's underlying constitutional claim on its own terms, the

Government resorts to attacking a series of procedural strawmen and reframing

collateral questions that this Court ought leave to the district court.  But the

Government's effort to shift attention from Mr. Johnson's claim under *Sessions v.

Dimaya*, 138 S. Ct. 1204 (2018)—which clearly "warrant[s] a fuller exploration by

the district court," is ultimately unavailing.  *In re Hubbard*, 825 F.3d 225, 232 (4th

Cir. 2016) (quoting *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)).  This Court

should grant Mr. Johnson's Motion for Authorization Pursuant to 28 U.S.C. §§

2255(h)(2) and 2244(b)(3)(A) (hereafter "Motion") because it clears what this

Court has called the "relatively low bar" that a movant must clear at this stage by

meeting each and every one of § 2255's requirements and setting forth a

"plausible" claim on the merits.  *Hubbard*, 825 F.3d at 230–31.

## I.    MR. JOHNSON'S MOTION IS NOT PROCEDURALLY BARRED.

The various procedural hurdles that the Government points to as a bar in this

case are unavailing.  As detailed in his Motion, Mr. Johnson has made all of the

*prima facie* showings required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2).  *See*

Motion at 13–15.  This Court must "certif[y] as provided in section 2244" that a

motion for authorization "contain[s] … a new rule of constitutional law, made

2

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see United States v. MacDonald*, 641 F.3d 596, 609 (4th Cir. 2011) ("[Section] 2255(h) spells out the standard applicable to those in federal custody."). Consistent with these requirements, Mr. Johnson's Motion is timely and raises cognizable claims relying upon the rule *Dimaya* announced— which is a new rule, that is constitutional in nature, that the Supreme Court has made retroactive on collateral review, and that was previously unavailable. 28 U.S.C. § 2255(h). Contrary to the Government's assertions, Mr. Johnson's Motion is neither statutorily barred under § 2244(b)(1) or § 2255(f)(3) nor is the constitutional claim he seeks to raise procedurally defaulted.

### A. Section 2244(b)(1) Does Not Bar Mr. Johnson's Motion Because that Provision is Limited to State Prisoners.

Corey Johnson's Motion is not barred by 28 U.S.C. § 2244(b)(1) for a simple reason: that provision does not apply to federal defendants.[1] By its express terms, § 2244(b)(1) applies only to state-prisoner petitions filed "under Section 2254"—not to federal-prisoner petitions filed under § 2255. In response to the recent request of another federal circuit court for briefing on the question of whether a federal prisoner's "successive Section 2255 motion was subject to

---

[1] The provision states in full: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244 (b)(1).

3

dismissal under 28 U.S.C. § 2244(b)(1)," the Government expressly argued that "Section 2244(b)(1) does not apply to federal defendants." Supplemental Brief for the United States on Rehearing En Banc at 2, 23, *United States v. Williams*, No. 17-3211 (6th Cir. May 8, 2018); *see also id.* at 9, 10, 14, 23–27.[2] In reaching this unambiguous conclusion, the Government provided a detailed analysis of § 2244(b)(1)'s statutory history and context, which stretches back to Founding, and summed up its careful review by flatly stating: "These surrounding provisions reveal that the reference in Section 2244(b)(1) to 'a habeas application under section 2254' cannot be dismissed as inadvertent and must be considered a conscious restriction to state prisoners." *Id.* at 24. Ultimately, "policy-driven considerations," the Government stated, "cannot be used to override [Section 2244(b)(1)'s] unambiguous statutory text." *Id.* at 26.

In a complete and unexplained reversal, the Government now embraces the position it had repeatedly and correctly characterized as erroneous. This Court should reject the Government's newfound assertion that § 2244(b)(1) bars Mr. Johnson's claims.[3] *See* Response at 3–5. The Government should speak with one

---

[2]   The Government's brief in *Williams* is attached as Appendix B.

[3]   Moreover, the Government concedes that this Court has never held otherwise. *See* Response at 3 ("this Court has not squarely held whether § 2244(b)(1) also controls successive § 2255 applications"); *see also MacDonald*, 641 F.3d at 614 n.9 (the validity of the Government's counter-textual interpretation remains "an open issue in this Circuit.").

voice and should not now be permitted to adopt diametrically contrary positions on important questions of statutory interpretation—particularly where, as here, the question involves the administration of the criminal justice system.[4]

Moreover, even if § 2244(b)(1) applied to federal prisoners like Mr. Johnson, and it plainly does not, § 2244(b)(1) would not bar consideration of Mr. Johnson's claim because his *current claim* was not "presented in a prior application." 28 U.S.C. § 2244(b)(1). Here, the claim that Mr. Johnson presents now rests on an entirely new and different basis from the claim Mr. Johnson raised in his 2016 application. As Mr. Johnson has shown, he could not have relied on *Dimaya* in his 2016 Motion for Authorization because the Supreme Court did not decide *Dimaya* until April 2018. *See* Motion at 15. The timing of *Dimaya* makes this case analogous to *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014). There, the Court held that "a petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h)." *Id.* at 261 (citations omitted). The upshot here is that because

---

[4]  While the Government is not barred from changing position on a question of statutory interpretation, in the rare cases where that happens, the Government should be completely forthright about its reasons, as it has in other cases. *Cf.* Brief for the U.S. as Amicus Curiae Supporting Petitioners in Nos. 16-285 and 16-300 and Supporting Respondents in No. 16-307 at 13, *Epic Sys. Corp. v. Lewis*, No. 16-285 (U.S. June 16, 2017) (explicitly citing "the change in administration" as the basis for a change in position).

*Dimaya* was not decided "until after the adjudication of [Mr. Johnson's] first petition," the Court should hold that his current claim is not the same as the claim previously rejected. *Id.*

**B. Mr. Johnson's Motion is Timely under § 2255(f).**

The Government's assertion that Mr. Johnson's Motion is time-barred under 28 U.S.C. § 2255(f)(3) is utterly unfounded. And its backhanded and oblique suggestion that "defendant has been raising the same claim all along going back to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which case he cannot relitigate the claim and is out of time under § 2255(f)(3)," is equally wrong. *See* Response at 5. Mr. Johnson's Motion is based on *Dimaya*, not on *Johnson*. *See* Motion at 12–13. As Mr. Johnson has shown, because his Motion was filed within one year of the issuance of *Dimaya* on April 17, 2018, it is timely.

The only limitation period potentially applicable to Mr. Johnson's case runs for one year from "the date on which the right *asserted* was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). The Supreme Court has made clear that this limitation period begins when the Supreme Court *declares* a new right—not when a court first acknowledges that right to be retroactive. *See Dodd v. United States*, 545 U.S. 353, 356–60 (2005). Thus, the timeliness of Mr. Johnson's

6

Motion turns on whether the right he "asserts was initially recognized by" *Dimaya*. 28 U.S.C. § 2255(f)(3).

The Government's suggested approach improperly reads a merits analysis into this limited threshold limitations period inquiry. As this Court has repeated, a movant need not *prove* at this stage that the right applies to his situation; he need only claim the benefit of a right that the Supreme Court has recently recognized. *Hubbard*, 825 F.3d at 229. An alternative reading would require this Court to take the disfavored and unnecessary step of reading the word "asserted" out of the statute. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) ("It is our duty 'to give effect, if possible, to every clause and word of a statute.'" (quoting *United States v. Menasche*, 348 U.S. 528, 538–39 (1955) (citation omitted))).

### C. Mr. Johnson's Claim is Not Procedurally Defaulted.

The Government also erroneously raises the ubiquitous specter of procedural default in two conclusory sentences. *See* Response at 10. Because Mr. Johnson did not challenge the constitutionality of the 18 U.S.C. § 924(c)(3)(B) at trial or on direct appeal, the Government argues that he is barred from doing so now because "[he] cannot possibly show that he is factually innocent of his § 924(c) convictions." *Id.* The Government is wrong that an actual innocence claim is his only path to avoid procedural default. A petitioner may overcome procedural default by showing "cause" for the default and actual "prejudice," *see Bousley v.*

*United States*, 523 U.S. 614, 622 (1998), or by showing that failure to consider the defaulted claim will result in a fundamental miscarriage of justice, *see McQuiggin v. Perkins,* 569 U.S. 383, 393 (2013) ("The miscarriage of justice exception, our decisions bear out, survived AEDPA's passage.").

Mr. Johnson has established his right to raise this claim by way of the "cause and prejudice" avenue. *First*, Mr. Johnson has clearly shown prejudice. The Supreme Court has held that an extended prison term constitutes prejudice. *See Glover v. United States*, 531 U.S. 198, 203 (2001) (holding that the increase in a prison sentence from 6 to 21 months constituted prejudice). Here, Mr. Johnson has been sentenced to consecutive terms of imprisonment totaling 85 years for his unconstitutional convictions under 18 U.S.C. § 924(c) in addition to the death sentences imposed on him in a capital sentencing proceeding that, as Mr. Johnson's Motion shows, was impermissibly infected by the constitutionally defective § 924(c) convictions. *See* Sentencing Transcript at 24–25, *United States v. Tipton*, No. 3:92CR68 (E.D. Va. June 1, 1993); Motion at 28–30.

*Second*, with respect to cause, the Supreme Court has made clear that a change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In *Reed*, the Court identified three nonexclusive situations in which an attorney may lack a

8

"reasonable basis" to raise a novel claim—namely, when the Supreme Court: (1) "explicitly overrule[s]" one of its prior precedents; (2) overturns a "longstanding and widespread practiced to which [the] Court has not previously spoken, but which a near-unanimous body of lower court authority has expressly approved"; and (3) when the Court issues a decision disproving a practice that it had "arguably … sanctioned in prior cases." *Reed*, 468 U.S. at 17 (citations omitted).

Here, the second "reasonable basis" applies since the novelty of Mr. Johnson's claim constitutes sufficient cause. *See Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990) ("[T]he novelty of a claim has been held to constitute cause." (citing *Reed,* 468 U.S. at 12–16)). Corey Johnson could not have reasonably challenged his § 924(c) convictions on constitutional vagueness grounds during his 1993 trial or on his direct appeal in 1996. At that time, no one—not the Government, this Court, or Mr. Johnson—could have reasonably anticipated *Dimaya*. *Dimaya* followed on the heels of *Johnson* and, as the Seventh Circuit explained in *Cross v. United States*:

> *Johnson* abrogated a substantial body of circuit court precedent upholding the residual clause against vagueness challenges. *E.g.,* [*United States v.*]*Brierton*, 165 F.3d [1133,] 1138–39 [(7th Cir. 1999)]; *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995); *United States v. Argo*, 925 F.2d 1133, 1134–35 (9th Cir. 1991). Although most of these decisions postdate [the defendants'] sentencing, no court ever came close to striking down the residual clause before 1992 or even suggested that it would entertain such a challenge.

9

892 F.3d 288, 296 (7th Cir. 2018); *see also United States v. Redrick*, 841 F.3d 478, 489, 27 (D.C. Cir. 2016).

Accordingly, because Corey Johnson has established both cause and prejudice his failure to previously raise his *Dimaya*-based claim must be excused and this Court should reject the Government's argument to the contrary.

## II.    MR. JOHNSON'S § 924(C) CONVICTIONS ARE INVALID.

The balance of the Government's Response also falls short.  Its attempt to shift attention from the core constitutional claim cannot change that Mr. Johnson has met the requirements of 28 U.S.C. § 2255 for authorization to file his successive Motion.

To begin with, the Government attempts to address a threshold fact in this case—namely, that Mr. Johnson's jury reached its verdict on the § 924(c) counts by relying upon predicate "crimes of violence" under 18 U.S.C. § 1959—by pointing to entirely irrelevant case law on an entirely separate question that is not at issue in this case.  *See* Response at 9 (citing *United States v. Adkins*, 937 F.3d 947, 950 n.1 (4th Cir. 1991)).

Nor can the Government find solace in its argument that the jury instructions "informed the jury that the predicates were crimes of violence or drug-trafficking offenses."  Response at 9.  As Mr. Johnson made clear in his Motion, the special verdict form clearly and dispositively shows that the jury found Mr. Johnson guilty

of using a firearm on each § 924(c) count "in relation to Killing" or "Maiming"—

not in furtherance of a drug trafficking crime. Motion at 21–23. Even the

Government's argument effectively concedes that, at best, the verdict form is

ambiguous. If the Government is correct that the special verdict form does not

clearly show that the jury convicted Mr. Johnson of the § 924(c) offenses based on

the crimes of violence (and it is not), this Court should read the special verdict

form in a manner that is consistent with the record in this case as resting on the 18

U.S.C. § 1959 "crime of violence" predicates and not on any drug trafficking

offense. *See United States v. Najjar,* 300 F.3d 466, 480 & n.3 (4th Cir. 2002)

(reaffirming that special verdict forms "obviate th[e] problem" of ambiguity in jury

verdicts "by allowing a court to determine upon what factual and legal basis the

jury decided a given question").

The Government's assertion that merely because the jury found Corey

Johnson guilty of a separate drug trafficking offense he is necessarily guilty under

§ 924(c) is equally unpersuasive. Section 924(c) is an entirely separate offense

that requires an additional element of the use of a firearm *during and in relation* to

the underlying predicate offense. *See Smith v. United States*, 508 U.S. 223, 227–28

(1993) ("By its terms," § 924(c) "requires the prosecution to make two showings":

first, "that the defendant 'use[d] … a firearm'"; and second "that the use … was

11

'during and in relation to'" a qualifying predicate "crime of violence or drug trafficking crime." (first alteration in original) (quoting 28 U.S.C. § 924(c))).

The Government's reliance on *In re Irby*, 858 F.3d. 231 (4th Cir. 2017) is equally misplaced. *See* Response at 13–16. *Irby* focused on whether murder offenses categorically include the element of direct force necessary for constitutionally valid § 924(c) convictions. *Irby* involved "retaliatory murder" under 18 U.S.C. § 1513, an offense that expressly contains an "intent" element. *Irby* did not address the arguments made by Mr. Johnson here that felony murder can be committed with less than an intentional *mens rea*, which this Court has repeatedly said does not suffice under the force clause, *see United States v. Townsend*, 886 F.3d 441, 444–45 (4th Cir. 2018), and that murder can be committed by acts of omission. *See* Motion at 24–26. In his Motion, Mr. Johnson explained in detail why his underlying § 1959(a) predicate offenses categorically fail to qualify under § 924(c)(3)(A)'s elements clause. *See* Motion at 24–28.

Finally, the Government's halfhearted argument that voiding Mr. Johnson's § 924(c) convictions would not have affected his death sentences is devoid of analysis, much less any citation to authority. The Government's utter failure to address Mr. Johnson's authority (*see* Motion at 28–30) speaks volumes and can only lead to the conclusion that his death sentences were decidedly impacted by his conviction on § 924(c) counts that are constitutionally void for vagueness.

12

In any event, Mr. Johnson's Motion met what this Court has called the "relatively low bar" that a movant must clear at this stage by meeting each and every one of § 2255's requirements and setting forth a "plausible" claim on the merits. *Hubbard*, 825 F.3d at 230–31. For all of the reasons Mr. Johnson has detailed in his Motion for Authorization, his claim under *Dimaya* clearly "warrant[s] a fuller exploration by the district court." *Id.* at 232 (quoting *Williams*, 330 F.3d at 281). Accordingly, this Court should authorize the district court to consider his § 2255 Motion.

Respectfully submitted,

/s/Donald P. Salzman
Donald P. Salzman
Darren M. Welch
Skadden Arps Slate Meagher & Flom, LLP
1440 New York Ave. NW
Washington, DC 20005
(202) 371-7983
donald.salzman@skadden.com

Counsel for Corey Johnson

13

## CERTIFICATE OF COMPLIANCE

1.      This brief contains 2,872 words, excluding the parts of the brief exempted from the word count by Local Rule 27(d)(2) and Rule 32(f).

2.      This brief complies with the font, spacing, and type size requirements set forth in Local Rule 32(a)(5).

/s/ Donald P. Salzman
